# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GOLDA HARRIS,

   Plaintiff,

   v.

ALAN WALLIBILLICH, et al,

   Defendants.

Civ. No. 18-10279 (PGS-LHG)

**MEMORANDUM OPINION**

1. Plaintiff Golda Harris filed a complaint in this Court on June 4, 2018. (ECF No. 1).

2. After originally administratively terminating the complaint due to Plaintiff's failure to submit an account statement, the Court reopened the matter and granted Plaintiff's *in forma pauperis* application under 28 U.S.C. § 1915 on August 22, 2018. (ECF No. 5).

3. This Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

4. Plaintiff seeks to appeal a decision from the New Jersey Superior Court, Appellate Division that affirmed a summary judgment decision dismissing her complaint against PNC Bank and other defendants. (ECF No. 1-2 at 1 (citing *Harris v. Wallibillich*, No. A-2410-16T4 (N.J. Super. Ct. App. Div. May 15, 2018)).

5. Pursuant to the *Rooker-Feldman* Doctrine, federal district courts are barred from hearing cases "that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). *See also District of*

*Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This doctrine requires meeting four elements: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Id.* at 166 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

6.    The instant "complaint" clearly meets all four elements. Plaintiff lost in the Appellate Division and asserts the Appellate Division "violated [her] due process rights, fair and equal treatment in a one-sided decision without considering the violations respondents PNC Bank, N.A. committed in the appeal on the merits . . . ." (ECF No. 1-1 at 6). The judgment was rendered on May 15, 2018, before Plaintiff filed her complaint on June 4, 2018. Finally, Plaintiff asks this Court to reverse and remand the Appellate Division's decision. This Court is barred from doing so under *Rooker-Feldman*.

7.    The complaint is dismissed for lack of jurisdiction.

8.    An appropriate order follows.


Date 6|28|18

Peter G. Sheridan, U.S.D.J.